1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10    ANGEL ORTEGA,

11              Plaintiff,                    No. CIV S 08-3142 KJM P

12         vs.

13    DR. HOUSLEY, et al.,

14              Defendants.                   ORDER

15    _____/

16              Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

17    U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.

18    § 1915.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C.

19    § 636(b)(1).

20              Plaintiff has submitted a declaration that makes the showing required by 28

21    U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22              Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

23    U.S.C. §§ 1914(a), 1915(b)(1).  Plaintiff has been without funds for six months and is currently

24    without funds.  Accordingly, the court will not assess an initial partial filing fee.  28 U.S.C.

25    § 1915(b)(1).  Plaintiff is obligated to make monthly payments of twenty percent of the

26    preceding month's income credited to plaintiff's prison trust account.  These payments shall be

                                              1

1   collected and forwarded by the appropriate agency to the Clerk of the Court each time the

2   amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

3   § 1915(b)(2).

4          The court is required to screen complaints brought by prisoners seeking relief

5   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

6   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

7   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may

8   be granted, or that seek monetary relief from a defendant who is immune from such relief.  28

9   U.S.C. § 1915A(b)(1),(2).

10         A claim is legally frivolous when it lacks an arguable basis either in law or in

11  fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-

12  28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

13  indisputably meritless legal theory or where the factual contentions are clearly baseless.

14  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however

15  inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d

16  639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.  A complaint, or portion thereof, should

17  only be dismissed for failure to state a claim upon which relief may be granted if it appears

18  beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would

19  entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)  (1969).

20         Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

21  plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

22  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell

23  Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964-65 (2007).  A complaint must

24  contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

25  factual allegations sufficient "to raise a right to relief above the speculative level."  Id.  However,

26  "[s]pecific facts are not necessary; the statement [of facts] need only '"give the defendant fair

2

1  notice of what the . . . claim is and the grounds upon which it rests."'" <u>Erickson v. Pardus</u>, 551

2  U.S. 89, 127 S.Ct. 2197 (2007).  In reviewing a complaint under this standard, the court must

3  accept as true the allegations of the complaint, <u>id</u>., and construe the pleading in the light most

4  favorable to the plaintiff.  <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974).

5          Plaintiff has not used this court's form for a civil rights action by a prisoner but

6  has instead used the state's general form for a civil action.  This form, which allows a party to

7  "plead" by checking boxes, does not provide enough information to allow this court to screen the

8  complaint.  The problems posed by plaintiff's use of this form is compounded by two things.

9  First, even if the form were somehow sufficient, plaintiff has not checked several of the boxes

10 that would serve to define his claims.  Second, although the caption lists "Dr. Housley, et al.,"

11 plaintiff has not named other defendants in the body of the complaint form or even clearly

12 described what defendant Housley did or omitted to do.

13         Plaintiff has attached a mass of documents, including grievances, responses to

14 grievances, medical records, calendars and notes.  This court has no obligation "to comb through

15 this extensive record to figure out what Plaintiff [is] complaining about. . . ." or "to do the work

16 of interpreting [his] . . . arguments. . . ."  <u>Sierra Club v. U.S. Dept. of Interior</u>, 384 F.Supp.2d 1,

17 17 (D.C. Cir. 2004); <u>see also</u> <u>Stuard v. Stewart</u>, 401 F.3d 1064, 1066-67 (9th Cir. 2005) (court

18 not obliged to comb the record to develop plaintiff's argument).

19         It does appear that plaintiff is complaining about a denial of medical care and

20 possibly about rude behavior by medical personnel.  Inadequate medical care does not constitute

21 cruel and unusual punishment cognizable under section 1983 unless the mistreatment rose to the

22 level of "deliberate indifference to serious medical needs."  <u>Estelle v. Gamble</u>, 429 U.S. 97, 106

23 (1976).  Rudeness does not state a claim under the civil rights act.  <u>Bastia v. Rodriguez</u>, 702 F.3d

24 393, 398 (2d Cir. 1983).

25         Accordingly, the court finds the allegations in plaintiff's complaint so vague and

26 conclusory that it is unable to determine whether the current action is frivolous or fails to state a

claim for relief. The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

4

In accordance with the above, IT IS HEREBY ORDERED that:

    1. Plaintiff's request for leave to proceed in forma pauperis is granted.

    2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

    3. Plaintiff's complaint is dismissed.

    4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

    5. The Clerk of the Court is directed to send plaintiff the form for a civil rights action by a prisoner.

DATED: May 21, 2009.

_____
U.S. MAGISTRATE JUDGE

2
orte3142.14

5